# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 S. Potomac St.<br>                    Centennial, CO 80112 | DATE FILED: June 2, 2023 2:53 PM<br>FILING ID: 711E20888F971<br>CASE NUMBER: 2023CV31055 |
| Plaintiff: Jennifer Clark<br><br>v.<br><br>Defendant: State Farm Mutual Automobile Insurance Company | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff:<br>Jonathan Drucker, No. 52322<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number: (303) 757-3206<br>E-Mail: druckerj@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT** | |

Plaintiff Jennifer Clark, by and through her attorneys, Franklin D. Azar and Associates, P.C., for her Complaint against Defendant State Farm Mutual Automobile Insurance Company, states and alleges as follows:

## I.   PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Jennifer Clark (hereinafter, "Ms. Clark") is an individual and resident of the State of Colorado.

2. Upon information and belief, Defendant State Farm Mutual Automobile Insurance Company (hereinafter, "Defendant State Farm") is a foreign corporation licensed to conduct business in Colorado and maintains its principal place of business at One State Farm Plaza, Bloomington, IL 61710.

3. Defendant State Farm's registered agent is Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. Jurisdiction is proper in this action, pursuant to C.R.S. § 13-1-124, as the incident underlying this cause of action occurred within Arapahoe County, State of Colorado.

1

5. Venue is proper in this action, pursuant to C.R.C.P. § 98(c).

## II. GENERAL ALLEGATIONS

6. On September 20, 2022, Ms. Clark was involved in an automobile collision with Amanda E. Newell (hereinafter, "Ms. Newell") at the I-25 exit ramp for the 104th Ave. exit in Adams County, Colorado (hereinafter, the "Collision").

7. Immediately prior to the Collision, Ms. Clark was at a complete stop at the I-25 exit ramp for the 104th Ave. exit.

8. Ms. Newell then collided into the rear-end of Ms. Clark's vehicle.

9. Ms. Clark's vehicle was then pushed into the vehicle in front of her, a 2002 Toyota 4-Runner.

10. The 2002 Toyota 4-Runner was the pushed into the vehicle immediately in front of it, a 2015 Volkswagen Jetta.

11. Ms. Newell was at fault for the Collision.

12. Ms. Newell's negligence was the cause of the Collision.

13. Ms. Clark was injured as a result of the Collision.

14. Defendant State Farm agrees that Ms. Newell was solely responsible for causing the Collision.

15. Defendant State Farm agrees that Ms. Clark was injured in the Collision.

16. Defendant State Farm agrees that Ms. Clark complained of injuries at the scene.

17. Defendant State Farm agrees that Ms. Clark did not contribute to the Collision.

18. Ms. Newell was insured with Root Insurance at the time of the Collision.

19. Ms. Newell's policy with Root Insurance provided her with $25,000 in liability coverage.

20. Defendant State Farm agrees that Ms. Newell had $25,000 in applicable liability coverage for the September 20, 2022 collision.

21. Ms. Newell was underinsured.

22. Defendant State Farm agrees that Ms. Newell did not have sufficient coverage to compensate Ms. Clark for the injuries she sustained in the September 20, 2022 collision.

23. Ms. Clark was insured with Defendant State Farm on September 20, 2022.

24. At the time of the collision, Ms. Clark's automobile policy with Defendant State Farm provided for $250,000 per person, $500,000.00 per collision, in underinsured motorist ("UIM") coverage.

25. Ms. Clark's contract with Defendant State Farm is identified by policy number 523 3756-D12-06.

26. Ms. Clark timely notified Defendant State Farm of her claim.

27. Ms. Clark settled her claim against Ms. Newell for her liability limits of $25,000.

28. In correspondence dated December 26, 2022, Defendant State Farm provided its written consent to settle with Ms. Newell and Root Insurance for $25,000.

29. Ms. Clark's collision-related medical bills are more than $44,000.00.

30. In correspondence dated November 21, 2022, Ms. Clark provided Defendant State with all of her relevant medical records and medical bills for her collision-related treatment then available.

31. In this same correspondence of November 21, 2022, Ms. Clark requested that Defendant State Farm tender benefits owed pursuant to her UIM policy within thirty days.

32. In correspondence dated February 23, 2023, Ms. Clark provided Defendant State with additional relevant medical records and medical bills for her collision-related treatment.

33. In this same correspondence of February 23, 2023, Ms. Clark requested that Defendant State Farm tender benefits owed pursuant to her UIM policy within thirty days.

34. In correspondence dated March 7, 2023, Defendant State Farm acknowledged receiving Ms. Clark's February 23, 2023 request for benefits owed.

35. In correspondence dated March 24, 2023, Defendant State Farm acknowledged that it had accepted all of Ms. Clark's medical bills and mileage.

36. In correspondence dated April 25, 2023, Ms. Clark, through counsel, requested that Defendant State Farm provide further information as to what was considered in Defendant State Farm's evaluation.

37. Defendant State Farm has never responded to this request.

38. To date, Defendant State Farm has failed to evaluate Ms. Clark's non-economic damages (pain and suffering, inconvenience, etc.).

39. To date, Defendant State Farm has not issued any benefits to Ms. Clark for non-economic

damages (pain and suffering, inconvenience, etc.).

40. Ms. Clark's policy with Defendant State Farm provides coverage for physical impairment caused by Ms. Newell.

41. Ms. Clark' policy with Defendant State Farm provides coverage for general damages caused by Ms. Newell.

42. Defendant State Farm adjusters are trained to evaluate physical impairment.

43. Defendant State Farm adjusters are trained to evaluate general damages.

44. Defendant State Farm adjusters are trained to place a dollar value on physical impairment.

45. Defendant State Farm adjusters are trained to place a dollar value on non-economic damages.

46. Defendant State Farm has no reasonable basis to deny that Ms. Clark suffered physical impairment as a result of the collision.

47. Defendant State Farm has no reasonable basis to deny that Ms. Clark suffered general damages as a result of the collision.

48. Defendant State Farm agrees that Ms. Clark suffered impairment as a result of the collision.

49. Defendant State Farm agrees that Ms. Clark suffered general damages as a result of the collision.

50. Defendant State Farm continues to earn investment income on all funds it offers, but does not pay, to Ms. Clark.

51. Defendant State Farm places its interest above that of its insureds.

52. Ms. Clark's UIM coverage pays compensatory damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle.

53. Defendant State Farm has reviewed Ms. Clark's medical records.

54. Defendant State Farm has failed to compensate Ms. Clark for all of her injuries.

55. Defendant State Farm has delayed payment of underinsured motorist benefits to Ms. Clark.

56. Defendant State Farm has denied Ms. Clark underinsured motorist benefits.

57. Defendant State Farm has the ability, under its contract with Ms. Clark, to have her be evaluated by a doctor of its choosing.

58. Defendant State Farm has never requested that Ms. Clark be examined by a doctor selected by State Farm.

59. Defendant State Farm has waived its right to have Ms. Clark be examined by a doctor of Defendant State Farm's choosing.

60. Under the terms of the applicable policy, Defendant State Farm could request that Ms. Clark submit to an examination under oath.

61. As of the date of filing, Defendant State Farm has not requested that Ms. Clark submit to an examination under oath.

62. Defendant State Farm has waived its right to have Ms. Clark submit to an examination under oath.

63. Ms. Clark has cooperated with Defendant State Farm.

64. Ms. Clark has reasonably complied with all of Defendant State Farm's requests.

65. Defendant State Farm is aware of the Colorado Supreme Court Case of *State Farm v. Fisher*, 2018 CO 39.

66. Defendant State Farm trains its adjusters to follow Colorado law.

67. Defendant State Farm trains its adjusters to follow *State Farm v. Fisher*, 418 P.3d 501 (Colo. 2018).

68. *State Farm v. Fisher*, 418 P.3d 501 (Colo. 2018), requires UIM carriers to pay undisputed damages in excess of the underinsured driver's liability limits.

69. Defendant State Farm knows that unreasonably withholding benefits from an insured is contrary to Colorado law.

70. Defendant State Farm has failed to tender undisputed benefits.

71. Defendant State Farm has failed to pay all the benefits owed to Ms. Clark for her UIM benefits.

72. Defendant State Farm owes Ms. Clark a duty of good faith.

73. Defendant State Farm has a duty to continue to evaluate the claim in good faith after litigation is commenced.

74. Defendant State Farm has never advised Ms. Clark that she is not cooperating.

75. Defendant State Farm has never sent Ms. Clark a reservation of rights letter.

76. Defendant State Farm knows that the assertion of baseless affirmative defenses is evidence of bad faith.

77. Defendant State Farm has determined that Ms. Clark's claim has a range of values at which it would agree to settle her claim.

78. Defendant State Farm's full range of value has not been communicated to Ms. Clark.

79. Defendant State Farm's policy with Ms. Clark does not require her to negotiate with Defendant State Farm in order to receive benefits.

80. Defendant State Farm's policy with Ms. Clark does not require her to settle her claims with Defendant State Farm to receive UIM benefits.

81. Defendant State Farm has no basis in law to delay payment of UIM benefits to Ms. Clark.

82. Defendant State Farm continues to earn investment income on all funds owned to Ms. Clark, but not paid to Ms. Clark.

83. Defendant State Farm places its interest above that of its insureds.

84. Defendant State Farm knows that unreasonably withholding benefits from an insured is contrary to Colorado law.

85. Defendant State Farm has no reasonable basis to withhold said benefits from Ms. Clark.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract Claim for Underinsured Motorist Benefits)**

86. Ms. Clark incorporates all prior allegations as though fully set forth herein.

87. Sometime prior to the collision, Ms. Clark, entered into a contract with Defendant State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and underinsured motorists.

88. At all times pertinent to the within action, all the premiums, as required under the contract for insurance, were paid to State Farm.

89. Ms. Clark has advised Defendant State Farm of a claim for underinsured motorist benefits for this incident under its policy of insurance and has otherwise fully cooperated with State Farm in connection with the claim.

6

90. Ms. Clark is an intended beneficiary of Defendant State Farm's Insurance policy/contract and is therefore entitled to enforce its terms.

91. Ms. Clark is entitled to be compensated by Defendant State Farm for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, and past and future medical expenses under the uninsured motorist coverage of the policy.

92. Defendant State Farm has failed to adequately compensate Ms. Clark for her damages and, as a result, has breached the terms of the contract to which Ms. Clark is an intended beneficiary.

## SECOND CLAIM FOR RELIEF
### (First Party Statutory Claim under C.R.S §§ 10-3-1115 and 1116)

93. Ms. Clark incorporates all prior allegations as though fully set forth herein.

94. Defendant State Farm has delayed payment of underinsured motorist benefits to Ms. Clark without a reasonable basis for its action.

95. Defendant State Farm has denied payment of underinsured motorist benefits to Ms. Clark without a reasonable basis for its action.

96. Defendant State Farm's unreasonable position and conduct has caused Ms. Clark damage by the loss of the compensation that is due to her and which State Farm should have previously paid to her.

97. In accordance with C.R.S. § 10-3-1116, Ms. Clark is entitled to recover from Defendant State Farm two times the covered uninsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (Bad Faith)

98. Ms. Clark incorporates all prior allegations as though fully set forth herein.

99. Defendant State Farm owed Ms. Clark a duty to act in good faith in reviewing, adjusting and settling her claims.

100. Defendant State Farm breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a) Compelling Ms. Clark to institute litigation to recover amounts due to her under the underinsured motorist bodily injury liability benefits afforded Ms. Clark under the insurance policy by undervaluing the extent of her damages;

    (b) Favoring the interests of Defendant State Farm, an insurer, over those of Ms.

    Clark, an insured, to whom Defendant State Farm owes fiduciary and statutory duties;

  (c) Withholding benefits owed without a reasonable basis;

  (d) Having an institutional practice of withholding benefits owed to its insured to profit financially as a corporation and to intimidate insureds into settling for less than the value of the claim;

  (e) Denying or delaying payment of reasonable compensation for the injuries, damages, and losses Ms. Clark suffered at the hands of an underinsured motorist;

  (f) Denying or delaying payment of reasonable compensation for medical bills Ms. Clark incurred; and

  (g) Incompetently evaluating Ms. Clarks' claim.

101. Defendant State Farm's actions are unreasonable.

102. Defendant State Farm knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

103. As a direct result of Defendant State Farm's breaches of its duties to its insured, Ms. Clark has been damaged including, but not necessarily limited to:

  (a) Being forced to incur additional costs in litigation;

  (b) Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant State Farm; and

  (c) Being deprived of the use of funds that would otherwise be used for medical treatment, which should have been paid by now.

  WHEREFORE, Ms. Clark respectfully requests that this Court enter judgment against Defendant State Farm, and in her favor, for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the collision, post-judgment interest, costs, expert witness fees, and for such others and further relief as this Court deems proper.

  Respectfully submitted June 2, 2023.

                **FRANKLIN D. AZAR & ASSOCIATES, P.C.**

                By: */s/ Jonathan Drucker*
                Jonathan Drucker, No. 52322
                ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
9402 E. 146th Ave.
Brighton, CO 80602

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

9